[Civ. No. 1489. First Appellate District.—March 29, 1915.]

F. P. CUTTING, Respondent, v. ANNA R. OLIPHANT et al., Appellants.

CORPORATION LAW—STOCKHOLDERS' LIABILITY—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action against stockholders of a corporation upon their stockholders' liability, where the complaint alleged that within three years last past, the corporation became indebted to plaintiff for a balance due upon an open book account in a certain sum for money paid, loaned, and advanced, and for goods, wares, and merchandise, sold and delivered by plaintiff to the corporation, at its special instance and request, and that at all times mentioned in the complaint each of the defendants was the owner of a specified number of shares of the capital stock of the corporation, in the absence of a special demurrer, the complaint was sufficient as against the objection that it did not appear therefrom that the defendants were stockholders of the corporation at the time the original indebtedness arose, but only at a time when there was a balance of such indebtedness due.

ID.—CONSTRUCTION OF CONTRACT—STATUTE OF LIMITATIONS.—Where the alleged liability grew out of an agreement between the corporation and another corporation which agreement the court found, upon sufficient evidence, was in substance that the latter corporation merely authorized the first corporation to sell a specified number of cases of its tomatoes and receive the money arising from such sale and use the same when so received to relieve, if necessary, its financial stress, and that the obligation of the corporation of which the defendants were stockholders had its inception from the date of the actual receipt of the moneys arising from the sale of tomatoes, the action having been begun within three years of the earliest date of the receipt of the proceeds of the sale of the tomatoes, the plea of the statute of limitations was of no avail to the defendants.

ID.—EVIDENCE—WAREHOUSE RECEIPTS—CURING OF ERROR.—In such a case where, when defendants proposed to introduce evidence preliminary to the introduction of the warehouse receipt for the tomatoes which had been issued to the company owning them and delivered by it to the other company, defendants stated that their purpose was to show the date of the delivery of the goods in order to fix the date of the inception of the defendants' liability, error of the court in sustaining objection to the evidence, if any, was cured, where subsequently the parties admitted that the delivery of the goods was prior to a certain date.

ID.—NONSUIT—WHEN ERROR DENYING CURED.—In this case it is held that there was no error in denying defendants' motion for a nonsuit as to the second alleged cause of action in view of the fact that both counts in plaintiff's complaint covered substantially the same ground, and especially as the defendants presented evidence which would have cured any defects in plaintiff's proof.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Frank D. Stringham, David D. Oliphant, Jr., Schwartz & Powell, and Hayes & Oliphant, for Appellants.

Gerald C. Halsey, and Halsey L. Rixford, for Respondent.

RICHARDS, J.—This is an action brought to recover from the defendants the amount of their respective liabilities as stockholders of D. D. Oliphant Company, a corporation, arising out of an alleged indebtedness of said corporation to the assignor of the plaintiff, in the sum of $2,236.97.

The facts out of which this corporate indebtedness arose are substantially these: During the year 1907 and thereafter the D. D. Oliphant Co. was a corporation doing business in the city and county of San Francisco. In the month of May of that year it became necessary for the corporation to raise a sum of money to meet certain obligations then coming due. The plaintiff, F. P. Cutting, was the secretary of the corporation, and was also the manager of the F. P. Cutting Company, another corporation. In order to raise money to meet the accruing obligations of the Oliphant Company an agreement was made with Mr. Cutting, representing the Cutting Company, which was then the owner of a thousand cases of

tomatoes, by the terms of which the Cutting Company was to turn over to the Oliphant Company these tomatoes upon the understanding that the latter was to sell them, and use the proceeds of their sale, if necessary, to meet the obligations of the Oliphant Company as they fell due. In pursuance of this arrangement the Oliphant Company proceeded to sell and deliver these tomatoes to various customers, and to use the money collected upon such sales. There were also some other articles, such as cans and solder, bought by the Oliphant Company from the Cutting Company during that year; and on the other hand some payments made or credits given, leaving a balance due from the Oliphant Company to the Cutting Company of the sum of $2,236.97, which, being unpaid by the Oliphant Company, and being by the Cutting Company assigned to F. P. Cutting, he commenced this action against these defendants as stockholders of the Oliphant Company to recover their proportionate share of this indebtedness.

Upon the trial the court gave judgment against each of the defendants for the sum of $619.18 principal, and $240.57 interest, from which judgment and from the order denying a new trial the defendants appeal.

The first point presented by the appellants is that the complaint does not state facts sufficient to constitute a cause of action, and that their general demurrer thereto should have been sustained.

The complaint is in two counts, which are, however, substantially the same in the form and substance of their material averments. In the first of these counts it is alleged that "Within three years last past the said D. D. Oliphant Company became and now is indebted to the plaintiff for a balance due upon an open book account in the sum of $2,236.97, for money paid, loaned and advanced, and for goods, wares and merchandise sold and delivered by plaintiff to said D. D. Oliphant Co. at its special instance and request." It is also alleged that at all times mentioned in the complaint each of the defendants was the owner of 83⅓ shares of the capital stock of the corporation. The objection which the appellants make to these averments of the complaint is that it does not appear therefrom that the defendants were stockholders of the Oliphant Company at the time the original indebtedness arose, but only at a time when there was a balance of such indebtedness due. We think, however, that

this is altogether too strained a construction of the complaint to be availed of, at least upon general demurrer. It is true that the complaint refers to a balance of an account upon which the Oliphant Company became and was indebted within three years last past; but a balance of an account is not a new indebtedness; and the words "became indebted" as used in the complaint may reasonably be held to refer to the time of the creation of the original account and of which only the balance remains unpaid. The cases cited by the appellant in support of his contention all refer to actions against stockholders based upon new obligations given by the corporation in lieu of the original indebtedness, and hence they have no application to the case before us. Whatever doubt may arise in the construction of this complaint, from the use of the form of the common count therein in pleading the indebtedness of the corporation, amounts at most to an uncertainty, which should have been assailed by a special demurrer, in the absence of which we must hold the complaint to be sufficient.

The next contention of the appellants is that the transaction between the Oliphant Company and the Cutting Company with regard to the transfer of the tomatoes amounted to a present sale of said goods as of the date of the agreement; and hence that the stockholders' liability of the defendants had that date for its inception; and that this action having been commenced more than three years after that date, must be held to be barred by the statute of limitations. The findings of the court, however, are against this contention, and are in effect that the agreement between these two corporations relating to the tomatoes was that the Cutting Company merely authorized the Oliphant Company to sell the specified number of cases of its tomatoes, and receive the money arising from such sale, and to use the same when so received to relieve, if necessary, its financial stress; and that the obligation of the Oliphant Company to the Cutting Company took its inception from the date of the actual receipt and use of the money derived from the sale of the tomatoes. The evidence in the case fully justifies this finding of the court; and this being so, and the action having been begun within three years of the earliest date of the receipt of the proceeds of the sales of the tomatoes by the Oliphant

Company, it follows that the plea of the statute of limitations on the part of the defendants is of no avail.

The appellants' next contention is that the court erred in excluding from evidence the warehouse receipt for the tomatoes which had been issued to the Cutting Company and delivered by it to the Oliphant Company. The statement of the case discloses that when it was proposed to introduce evidence preliminary to the introduction of the warehouse receipt, and the court inquired as to the purpose of its introduction, counsel for the defendants stated that their purpose was to show the date of the delivery of the goods in order to fix the date of the inception of the defendants' liability. The court sustained the objection to the defendants' offer; but a little later on in the trial it was admitted by both parties that the delivery of the goods was made prior to May 27, 1907. This admission must be held to have satisfied the purpose of the defendants, in the introduction of this evidence; and hence the error of the court, if any, in excluding it was cured. The evidence does not disclose that the warehouse receipt itself was ever produced in court, or was ever offered in evidence by the defendants.

We deem the appellants' final contention that the court erred in refusing to grant the defendants' motion for a nonsuit as to the second alleged cause of action, to be without substantial merit, in view of the fact that both counts in plaintiffs' complaint cover substantially the same ground; and especially in view of the fact that after the denial of the motion, the defendants presented evidence with respect to the dealings between these two corporations which would have the effect of eking out whatever defects in proof on the part of the plaintiff which, uncured, might have formed a proper basis for the defendants' motion.

We discover no reversible error in this record.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1915.