[Civ. No. 3954.  First Appellate District, Division Two.—September 12, 1921.]

GEORGE H. MALTER, Respondent, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD (a Corporation), et al., Appellants.

[1] FIRE INSURANCE—ACTION ON POLICIES—SOLE AND UNCONDITIONAL OWNERSHIP—SUFFICIENCY OF EVIDENCE.—In this action to recover on fire insurance policies covering personal property, the finding that plaintiff was at the time of the issuance and delivery of the policies and at the time of the fire the sole and unconditional owner of such property is supported by the evidence.

[2] ID.—OWNERSHIP—EVIDENCE—TAX RETURN—LISTING OF PROPERTY IN NAMES OF OTHERS.—The exclusion in such action, even if conceded to be erroneous, of a statement made by the plaintiff to the assessor showing that the property covered by the policies was listed in the names of third parties, was not prejudicial, where the execution and contents of the statement were admitted by the plaintiff and testified to by the deputy assessor, and the reason for such listing explained.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Miller, Thornton, Miller & Watt and Miller, Thornton & Miller for Appellants.

Short, Lindsay & Woolley, F. W. Docker and C. O. Hansen for Respondent.

LANGDON, P. J.—This action is to recover from each of the defendants two thousand dollars on fire insurance policies issued and delivered by them, covering certain personal property and insuring plaintiff against loss by fire. The case was tried by the court, without a jury. Judgment was for the plaintiff against both defendants.

[1] The first ground for appeal urged by the appellants is the insufficiency of the evidence to justify the findings of the court. The finding which is particularly attacked is the one wherein the court finds that the plaintiff was, at the time of the issuance and delivery of the policies, and at the time of the fire, the sole and unconditional owner of the property specified in the policies. The testimony of the plaintiff on this point amply supports the finding. There was also other testimony which would raise a presumption of ownership in the plaintiff. The only evidence tending to prove the contrary is the testimony of a deputy tax assessor, who testified that the plaintiff had signed a tax return in 1917 in which the wines and brandies and wine-making apparatus covered by the insurance policies, and also other property, real and personal, were listed in the names of Pacific Vineyard Company and Mabel P. Malter. Plaintiff admitted signing the tax statement, in which the property was so listed, and explained that his vineyard and wines and manufacturing apparatus had at one time been transferred to the Pacific Vineyard Company merely for convenience; that he had always been the real owner; that the stock of that company was owned by him, and that he had always paid the taxes on the property, although for a time the record title had been in this company; that it was no longer in the company and that he had neglected to have the name changed on the assessment list, which list was made out by the assessor from previous records. There was no other testimony tending to disprove plaintiff's ownership in the property. We are of the opinion that the court was clearly justified in finding for the plaintiff on this issue.

[2] The only other objection urged by appellants is that the court erred in excluding the statement made by the plaintiff to the assessor in 1917. Granted, for the purposes of this opinion, that the statement should have been

admitted in evidence, nevertheless its exclusion therefrom does not, under the facts of this case, constitute prejudicial error. The record contains the testimony of the tax collector regarding this statement, and also the admissions of the plaintiff that he did make it and his explanation thereof, and these matters were before the trial judge in making his findings. An examination of the statement offered in evidence discloses that it covers certain wines and brandies, which were a part of the property covered by the policies, and also musical instruments, farming utensils, wagons and other vehicles, horses and cows, poultry, sewing-machines, automobile, and other items. The statement was headed "Pacific Vineyard Co. and Mabel P. Malter." At the bottom of the statement the plaintiff signed the following oath: "I do swear that I am a resident of the county of Fresno, that the above list contains a full and correct statement of all property subject to taxation, which I, or any firm of which I am a member . . . owned, claimed, possessed or controlled . . . etc." If the statement had been admitted in evidence, it would not have contradicted, in any way, the testimony of Mr. Malter, already in the record, regarding the assessment of the property. He stated that the vineyard and liquors had for a time been in the name of Pacific Vineyard Company, and that he had neglected to have the assessment record changed, but that he had always paid the taxes on this property personally and had paid them for the year covered by this assessment list.

With the other property listed, which was not covered by the policies, we are not concerned, and it is immaterial whether this belonged to Mabel P. Malter or Pacific Vineyard Company or the plaintiff.

The admission in evidence of the assessment list signed by plaintiff would have added nothing to defendants' case; its execution and contents were admitted by the plaintiff and were testified to by the deputy tax collector, and these matters were, therefore, before the court. It was not conclusive as to ownership, and plaintiff contradicted it and explained the reason for the mistake. Under the circumstances, its exclusion, even though conceded to be erroneous, would not warrant a reversal of this judgment, which is

clearly a proper and just one upon the entire record before this court

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.