350

[Civ. No. 8298. Third Dist. Dec. 30, 1953.]

JESSIE WILLIAMS et al., Appellants, v. ERWIN S. HALLEY et al., Defendants; SOUTHERN PACIFIC COMPANY, Respondent.

Mazzera, Snyder & DeMartini and Loraine B. Early for Appellants.

Jones, Lane, Weaver & Daley for Respondent.

VAN DYKE, P. J.—The appellants suffered personal injuries when a bus in which they were riding as passengers for hire collided with one of respondent's trains at a street intersection in the city of Stockton. Their several actions against the driver and the owner of the bus and against the respondent, Southern Pacific Company, were consolidated for trial. The jury returned verdicts in favor of appellants and against the driver and the owner of the bus; but the verdicts in all cases were in favor of respondent. This appeal is from the judgment entered upon the jury's verdicts.

Appellants assign as error the exclusion of certain evidence consisting of a map and Ordinance 294 of the city of Stockton, and further assign as error the refusal of the trial court to give to the jury three instructions requested by plaintiffs. No question is raised as to the sufficiency of the evidence to sustain the jury's implied finding that at the time of the accident the respondent and its agents were free from negligence in respect to the manner and method of operating the train.

The charging portion of each complaint alleged that the respondent had "so carelessly and negligently operated its train as to cause the same to collide with the bus in which said plaintiff was riding."

The ordinance which appellant sought to introduce in evidence granted to respondent's predecessors in interest a 50-year franchise authorizing the construction, maintenance and operation of certain railroad tracks within the city. The train which collided with the bus was being operated along one of the tracks constructed and maintained by respondent under the franchise in question. Appellants called to the stand the city engineer of Stockton who testified concerning a map taken from the public records of that city and purporting to show the route of the tracks authorized under the franchise. But the map added nothing save visually to the provisions of the ordinance itself. Thereupon appellants offered the ordinance and the map in evidence and when the same was objected to by counsel for the respondent the jury was excused and the matter of admissibility was argued to the court. During that argument and when the court had indicated that it would refuse to admit the offered evidence the following occurred:

Counsel for appellants: "We'll offer at this time . . . Ordinance 294 of the City of Stockton. We also offer to prove that . . . [it] is a proper ordinance which controls the

traffic to cross this particular track at this particular intersection on August the 2nd, 1951, and that . . . [it] had expired and that there was no ordinance of the City of Stockton, nor did the Southern Pacific Company have the right to use the street here in question granted to it by a two-thirds vote of the governing body of the City of Stockton which is, of course, the City Council. THE COURT: There isn't any dispute about the facts? [Counsel for appellants] : I don't think there is. [Counsel for Respondent] : No. THE COURT: That is, there hasn't been any renewal of the franchise? [Counsel for respondent] : Well, at the present time it's under negotiations. [Counsel for appellants] : It hasn't been renewed. You will concede that? [Counsel for respondent] : Well, Mr. Dunlap [the engineer] testified to that. [Counsel for appellants] : That it hadn't been renewed. [Counsel for respondent] : That the application is pending. [Counsel for appellants] : All right. THE COURT: You may recall the jury."

Thereafter, and at the request of appellants, the trial court instructed the jury in substance that the defendant, Southern Pacific Company, a corporation, was operating a train across the intersection at the time and place of the accident in question and that any negligence on the part of the crew or agents, servants and employees thereof in the operation, care, or maintenance of said train or crossing would be imputed to the defendant. The court further instructed the jury at the request of the appellants concerning liability of each of two agencies whose joint negligence was the proximate cause of injury without regard to whether one was more or less negligent than the other and further said: "You are instructed that the duty to exercise reasonable or ordinary care is imposed upon the operator of a railroad at public highway crossings with respect to persons traveling upon the highway and over the crossing, both as to the manner of operating the train and the maintenance of the crossing. The standard of care is that of the man of ordinary prudence knowing what the train crew knew, or should have known, and called upon to act in the same or similar circumstances."

Specifically, upon the matter of the expired franchise the appellants requested only the following instructions, and these instructions the court refused to give:

"Public highways are for the use of the traveling public, and the right of the defendant railroad company is only to use it in common with the public. The fact that the defendant

Southern Pacific Company may have been granted at one time the right to lay tracks and operate a train across South Center Street which right has expired gives it *no exclusive right to travel over that portion of South Center Street covered by its tracks.*" (Emphasis ours.)

"The public highways of San Joaquin County, such as the place of the accident here involved, are for the use of the traveling public, and the right of the defendant railroad company to use it in common with the public depends upon their being granted such right by a two-thirds vote of the governing body of the city. The fact that the defendant Southern Pacific Company had been granted the right to lay tracks and operate trains across the highway, *gave it no exclusive right to travel over that portion of the highway covered by said tracks;* and while the defendant, Southern Pacific Company, a corporation, at one time had the right to run its trains over and upon the public crossing at the place in question, *such right had expired.*" (Emphasis ours.)

"You are instructed that insofar as applicable to the facts of this case, Section 7555 of the Public Utilities Code of the State of California, provides as follows: 'No railroad corporation may use any street, alley, or highway . . . owned by the municipality within any city unless the right to do so is granted by a two-thirds vote of the governing body of the city.''

As stated, appellants complain of the refusal of the court to receive the offered evidence concerning the map and the ordinance. But it is obvious that no error can be predicated thereon for the reason that there was no issue raised by the pleadings nor at the trial concerning the fact of the granting of the franchise nor the fact of its expiration. We have shown that these matters were admitted by counsel of which fact the court previous to its ruling of exclusion took notice. It was not necessary, therefore, to introduce proof of these admitted facts. Whatever legal effect, therefore, appellants might claim followed from the expiration of the franchise was available for urging by the appellants by appropriate instructions requested of the court for that purpose. (*De Arellanes* v. *Arellanes,* 151 Cal. 443, 449 [90 P. 1059]; *Cutting* v. *Oliphant,* 27 Cal.App. 120, 124 [148 P. 940]; *Malter* v. *National Fire Ins. Co.,* 54 Cal.App. 198, 200 [201 P. 605]; *Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 165-166 [195 P.2d 416].) These cases and many others that

might be cited lay down the rule that error cannot be predicated upon the exclusion of evidence as to a fact admitted.

Assuming that the expiration of the franchise was material to their case, appellants complain of the refusal of the court to give the instructions requested and heretofore set out. They argue that the "jury was in no manner advised that the violation of the ordinance by the Southern Pacific made it a trespasser, created a nuisance, and constituted negligence per se." The trouble with this argument is that, even assuming the materiality of the situation concerning the expired franchise, the appellants did not request the court to advise the jury that the operation of the train constituted the respondent a trespasser or that it created a nuisance or that it constituted negligence *per se*. They argue further that the expiration of the franchise and the legal effects they contend for on appeal cast upon the respondent a duty to exercise a higher degree of care to avoid injuring the plaintiffs than the ordinary care which is the usual obligation of a railroad in the operation of its trains so far as nonpassengers are concerned. But they requested no instruction to that effect and on the contrary requested, and the court gave, as we have noted, instructions fixing the standard of care as that of ordinary care. If we scan the instructions requested and refused we note that they would have informed the jury that the right of a railroad company to use public highways is one which must be exercised in common with the right of the public to use them and that the right to such use at one time granted the respondent gave it no exclusive right to travel over that portion of the streets covered by its tracks. Had these instructions been given, the jury would have had nothing to guide it which it did not receive. The requested instructions, though stating that the right of the respondent to use the streets in common with the public depended upon the existence of a franchise and that this right to run its trains over the crossing at the place in question had expired; but it contained no statement of the legal effect flowing therefrom.

Upon this record, if the expiration of the franchise cast upon the respondent a liability without regard to negligence, or burdened it with the duty of exercising a higher degree of care in the operation of its trains than the duty to exercise ordinary care, the instructions requested and refused would not have so informed the jury. Had these instructions been given, therefore, they still would have left to the jury the

duty, under the instructions requested by appellants and given, of applying to the conduct of the respondent the test of ordinary care. Under the instructions so requested and given, the jury did apply that test and so applying it found that the respondent had exercised such care. Upon this record, therefore, it would be idle to follow defendants into their discussion of the legal effects flowing from the operation of respondent's train after the expiration of its franchise rights.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.